# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

KENNETH L. JACKSON,           )
                              )
    Plaintiff,              )
                              )
v.                            )   Case No. CV412-291
                              )
DOUGLAS D. FRANKS;            )
MS. PHILLIPS; DR. JOHN DOE,   )
                              )
    Defendants.             )

# ORDER

Proceeding *pro se*, Kenneth L. Jackson brings this 42 U.S.C. § 1983 action against three Liberty County Jail employees. He alleges that when he was detained at the jail he furnished his medical records showing that he required prescribed medication but did not receive the drug for nearly a month. This subjected him to an elevated risk of blindness.[1] Doc. 1 at 5. He sues nurse Phillips "because it's her

---

[1] Since he has completed his *in forma pauperis* paperwork, docs. 4 & 5, the Court will now screen his case under 28 U.S.C. § 1915(e)(2)(B)(ii), which allows a district court to sua sponte dismiss a claim of a plaintiff proceeding in forma pauperis for failure to state a claim before service of process. *See also* 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims

responsibility to order my medication. [He sues t]he Administrator [defendant Douglas D. Franks] because he is the one who signs and gives consent to order my medication." The jail, he seems to allege, requires prisoners like him to first see a specialist before providing such medication. But "giv[en] the time it take[s] I could go blind.[2] The jail only has a doctor come once a month with unknown date to inmates." *Id.* at 5 (footnote added). He alleges deliberate indifference and seeks money damages. *Id.* at 5-6. Finally, although he names "Dr. John Doe" as a defendant in the caption of the complaint, he supplies no allegations against him in the body.

---

which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief, and 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions").

The Court applies the Fed. R. Civ. P. 12(b)(6) standards here. *Leal v. Ga. Dep't of Corrs.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001). Allegations in the complaint are thus viewed as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n. 1 (11th Cir. 2011). But conclusory allegations fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a 12(b)(6) dismissal). "[T]he pleading standard [Fed. R. Civ. P.] 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (*pro se* pleadings are still construed liberally after *Iqbal*).

[2] How or why Jackson does not say.

## GOVERNING STANDARDS

A jail staff's deliberate indifference "'to an inmate's serious medical needs violates the inmate's right to be free from cruel and unusual punishment.' *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989).[3] And a prisoner whose Eighth Amendment rights are violated may sue the prison staff members who violated those rights under 42 U.S.C. § 1983." *Fields v. Corizon Health, Inc.*, 2012 WL 3854592 at * 7 (11th Cir. Sep. 6, 2012) (footnote added). The Eighth Amendment also protects against deliberate indifference "to conditions posing an unreasonable risk of serious damage to future health." *Roe v. Elyea*, 631 F.3d 843, 858 (7th Cir. 2011) (quotes and cite omitted); *see also Giddens v. Calhoun State Prison*, 277 Fed. App'x 847, 847 (11th Cir. 2007); *Cassady v. Owens*, 2011 WL 1102787 at * 2 (S.D. Ga. Mar. 22, 2011), *aff'd*, 447 F. App'x 28 (11th Cir. 2011).

---

[3] Whether a plaintiff like Jackson is a pretrial detainee (in which case the Fourteenth Amendment's Due Process Clause applies) or a convicted prisoner (Eighth Amendment applies), the standard is the same: deliberate indifference. *Craig v. Floyd Cnty.*, 643 F.3d 1306, 1310 (11th Cir. 2011). Hence, jurisprudence from both Amendments applies here.

3

To state a claim, however, an inmate must plead facts showing that he had an objectively serious medical need[4] and that the defendants' "response to that need was poor enough to constitute an unnecessary and wanton infliction of pain," *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011), or risk of serious damage to future health. *Roe*, 631 F.3d at 858. A medical-treatment (serious medication or medical-procedure need) delay of even hours may be deliberately indifferent given the "reason for the delay and the nature of the medical need." *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999); *see also Taylor v. Adams*,

---

[4] A "serious medical need is considered one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (quotes and cite omitted); *Hutchinson v. N.Y. State Corr. Officers*, 2003 WL 22056997 at * 5 (S.D.N.Y. Sept. 4, 2003) (a "condition of urgency, one that might produce death, degeneration or extreme pain."). Only "those deprivations denying the 'minimal civilized measure of life's necessities' are sufficiently grave to from the basis of an Eighth Amendment violation." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Mere "malpractice" allegations do not suffice. *Gonzalez v. Sarreck*, 2011 WL 5051341 at * 18 (S.D.N.Y. Oct. 24, 2011) ("allegations that eye surgery rendered [plaintiff] without sight in his right eye is, without more, a malpractice claim and does not implicate the Constitution. It is well settled that "disagreements over medications, diagnostic techniques, forms of treatment, or the need for specialists or the timing of their intervention" are insufficient under § 1983 . . . . Unsuccessful medical treatment alone does not give rise to § 1983 liability.").

4

221 F.3d 1254, 1258 (11th Cir. 2000); *Rykard v. City of Dothan*, 2011 WL 6813001 at * 3 (M.D. Ala. Dec. 28, 2011).

Plaintiff also must plead causation -- that the policy or actions amounting to deliberate indifference proximately caused an injury or posed a serious risk. *Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir. 2007); *compare Fields*, 2012 WL 3854592 at * 8 (affirming § 1983-based judgment for inmate who sued medical services provider, as well as a doctor and nurse employed by provider, for their alleged deliberate indifference to his medical emergency that resulted in his partial paralysis), *with Craig*, 643 F.3d at 1311 (pre-trial detainee failed to show that nine-day delay by jail medical personnel in providing him with appropriate surgical treatment for multiple fractures to his skull was the result of any unconstitutional custom or policy of allegedly not referring detainees to physicians, of relying on hospital clearance forms instead of performing their own diagnostic tests on detainees transported to jail from hospital, or of using the least costly means to treat detainees). He thus must plead facts demonstrating that (a) a serious medical need or risk was in play; and (b) necessary medical treatment was delayed for

5

non-medical reasons, or that defendants "knowingly interfere[d] with a physician's prescribed course of treatment." *Bingham*, 654 F.3d at 1176.[5]

## II. ANALYSIS

The Court's analysis is hampered by Jackson's failure to state what his condition is. In *Harris v. Ghosh*, 2012 WL 3903894 (N.D. Ill. Sep. 7, 2012), an inmate sued prison officials under § 1983, alleging deliberate indifference to his serious medical needs resulting from diabetes. *Id.* at * 1. The risk of inadequate treatment, he alleged, included blindness. *Id.* The court there recognized the claim but on summary judgement ruled that he failed to plead causation against his named medical-care defendants. And the record showed that he received adequate treatment in any event. *Id.* at * 6-7. The court impliedly concluded, however, that

---

[5] Causation must be undergirded by a showing of knowing, direct involvement. *See, e.g., McCreary v. Parker*, 456 F. App'x 790, 793 (11th Cir. 2012) (no qualified immunity where plaintiff alleged sheriff was deliberately indifferent to known dangers resulting from overcrowding policy in jail); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1029-30 (11th Cir. 2001) (substantial evidence that the sheriff knew that the conditions of the jail, which were overcrowded and unsupervised, were deficient). It is not enough to name someone as a defendant and claim that they "should have known" to do or not do something -- that's a negligence standard and does not rise to the deliberate indifference standard that drives Eighth Amendment jurisprudence.

the deliberately indifferent withholding of diabetes medication could support a § 1983 medical needs claim.[6] *Id.*

Here the Court does not even have a basic building block of a claim before it. However, Jackson may be able to plead sufficient facts if given a second chance. *Cf. Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010) (even though IFP's litigant's *pro se* complaint failed to state basis for federal jurisdiction and failed to state a claim, and she failed to seek leave to amend her complaint, nevertheless she should have been afforded an opportunity to amend deficiencies prior to dismissal, where no undue time had elapsed, no undue prejudice could be shown, and the record revealed some potential claim-resuscitation).

---

[6] *See also Henderson v. Felker*, 2010 WL 4823690 at *2 (E.D. Cal. Nov. 22, 2010) (insulin dependent diabetic inmate with blindness and other risks sued prison officials; "defendants, under their medical screening policy, limited plaintiff to yard exercise only five times per month, refused special diets for diabetics, and refused emergency snacks to counter insulin reactions during overnight confinement in the locked cell. Plaintiff also alleges that these defendants, without any medical exam or review of his medical records, discontinued plaintiff's pain and blood pressure medications. If true, these facts are adequate to show acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.") (quotes omitted); *Griffin v. Kern Medical Center*, 2011 WL 4344133 at * 4 (E.D. Cal. Sep. 14, 2011) (inmate who suffered a severe cut above his eye stated a § 1983 claim against a prison health provider who allowed staff to rush treatment, preventing provider from prescribing antibiotics or even bandage sutures over the eye injury; the severity of the cut suggested that the risk of infection was obvious; an infection developed as a result and led to plaintiff's blindness); *Gordon v. Schlofman*, 2011 WL 2681817 at * 7 (M.D.Fla. July 11, 2011) ("There appears to be no dispute Plaintiff's glaucoma constitutes a serious medical need.").

The Court therefore will grant him 30 days to place within his prison's mail system an Amended Complaint addressing the above deficiencies. Otherwise it will recommend that his case be dismissed.

### III. PLRA PAYMENT

Meanwhile, it is time for Jackson to pay his filing fee. His furnished account information shows that he has had funds in his prison account during the past six months. Doc. 5 ($41.77 average monthly balance for the last six months). He therefore owes an initial partial filing fee of $8.35. See 28 U.S.C. § 1915(b) (1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) therefore shall deduct $8.35 from Jackson's account and remit to the Clerk of Court (payable to the "Clerk of Court"). The custodian shall also set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule

72(b) adoption is required. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

**SO ORDERED**, this 19Th day of December, 2012.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA