# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

KENNETH L. JACKSON,      )
                               )
      Plaintiff,     )
                               )
v.                       )     Case No. CV412-291
                               )
MS. PHILLIPS,         )
                               )
      Defendant.   )

## REPORT AND RECOMMENDATION

Proceeding *pro se*, Kenneth L. Jackson brings this 42 U.S.C. § 1983 action against three Liberty County Georgia Jail employees. He alleges that when he was detained at the jail he furnished his medical records showing that he required prescribed medication, yet he did not receive the medication for nearly a month. This, he claims, subjected him to an elevated risk of blindness. Doc. 1 at 5.

Jackson thus sues nurse Phillips "because it's her responsibility to order my medication. [He sues t]he Administrator [defendant Douglas D. Franks] because he is the one who signs and gives consent to order my medication." *Id.* And the jail, he alleges, requires prisoners like him to

first see a specialist before providing such medication. But "giv[en] the time it take[s] I could go blind. The jail only has a doctor come once a month with unknown date to inmates." *Id.* at 5. He alleges deliberate indifference and seeks money damages. *Id.* at 5-6. He also names "Dr. John Doe" as a defendant in the caption of the complaint but supplied no allegations against him in the body.

The Court directed plaintiff to re-plead his case after explaining why these allegations were insufficient.[1] Doc. 7, *reporterd at* 2012 WL 6626020. It provided Jackson with the governing standards. A prisoner

---

[1] The Court is screening his case under 28 U.S.C. § 1915(e)(2)(B)(ii), which allows a district court to *sua sponte* dismiss a claim of a plaintiff proceeding *in forma pauperis* for failure to state a claim before service of process. *See also* 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief, and 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions").

The Court applies the Fed. R. Civ. P. 12(b)(6) standards here. *Leal v. Ga. Dep't of Corrs.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001). Allegations in the complaint are thus viewed as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n. 1 (11th Cir. 2011). But conclusory allegations fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (reformulating 12(b)(6) dismissal standards). "[T]he pleading standard [Fed. R. Civ. P.] 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (*pro se* pleadings are still construed liberally after *Iqbal*).

whose Eighth Amendment rights are violated may invoke 42 U.S.C. §
1983 to sue the prison staff members who violated those rights. *Fields v.
Corizon Health, Inc.*, 490 F. App'x 174, 181 (11th Cir. 2012). A jailer's
deliberate indifference "'to an inmate's serious medical needs violates the
inmate's right to be free from cruel and unusual punishment.' *Waldrop v.
Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989). The Eighth Amendment
also protects against deliberate indifference "to conditions posing an
unreasonable risk of serious damage to future health." *Roe v. Elyea*, 631
F.3d 843, 858 (7th Cir. 2011) (quotes and cite omitted); *see also Giddens
v. Calhoun* State Prison, 277 F. App'x 847, 847 (11th Cir. 2007).

To state a claim, the Court further explained, Jackson had to plead
facts showing that he had an objectively serious medical need[2] and that
the defendants' "response to that need was poor enough to constitute an

---

[2] A "serious medical need is considered one that has been diagnosed by a physician
as mandating treatment or one that is so obvious that even a lay person would easily
recognize the necessity for a doctor's attention." *Farrow v. West*, 320 F.3d 1235, 1243
(11th Cir. 2003) (quotes and cite omitted); *Hutchinson v. N.Y. State Corr. Officers*,
2003 WL 22056997 at * 5 (S.D.N.Y. Sept. 4, 2003) (a "condition of urgency, one that
might produce death, degeneration or extreme pain."). Only "those deprivations
denying the 'minimal civilized measure of life's necessities' are sufficiently grave to
from the basis of an Eighth Amendment violation." *Hudson v. McMillian*, 503 U.S. 1,
9 (1992); *Akhtar v. Mesa*, 2013 WL 1785893 at * 3 (E.D. Cal. Apr. 25, 2013).

unnecessary and wanton infliction of pain," *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011), or risk of serious damage to future health. *Roe*, 631 F.3d at 858. "The tolerable length of delay in providing medical attention depends on the nature of the medical need and the reason for the delay." *Harris v. Coweta County*, 21 F.3d 388, 393-94 (11th Cir. 1994); *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999); *Hill v. DeKalb Youth Det. Ctr.*, 40 F.3d 1176, 1187-88 (11th Cir. 1994); *see also Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000); *Rykard v. City of Dothan*, 2011 WL 6813001 at * 3 (M.D. Ala. Dec. 28, 2011).

Jackson, the Court further noted, also must plead *causation* -- that a defendant's policy or actions amounting to deliberate indifference proximately caused an injury or posed a serious risk to his future health. *Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir. 2007); *compare Fields*, 490 F. App'x at 182-84 (affirming § 1983-based judgment to inmate who sued medical services provider, as well as a doctor and nurse employed by provider, for their alleged deliberate indifference to his medical emergency that resulted in his partial paralysis), *with Craig*, 643 F.3d at 1311 (pre-trial detainee failed to show that nine-day delay by jail

4

medical personnel in providing him with appropriate surgical treatment for multiple fractures to his skull was the result of any unconstitutional custom or policy of allegedly not referring detainees to physicians, of relying on hospital clearance forms instead of performing their own diagnostic tests on detainees transported to jail from hospital, or of using the least costly means to treat detainees).

In sum, Jackson had to plead facts demonstrating that (a) a serious medical need or risk was in play; and (b) necessary medical treatment was deliberately delayed for non-medical reasons, or that defendants "knowingly interfere[d] with a physician's prescribed course of treatment[," and (c) causation. [3] *Bingham*, 654 F.3d at 1176. Since he failed to do that the Court gave him 30 days to amend his complaint or face a recommended dismissal. Doc. 7 at 5-9.

---

[3] Causation must be undergirded by a showing of knowing, direct involvement. *See, e.g., McCreary v. Parker*, 456 F. App'x 790, 793 (11th Cir. 2012) (no qualified immunity where plaintiff alleged sheriff was deliberately indifferent to known dangers resulting from overcrowding policy in jail); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1029-30 (11th Cir. 2001) (substantial evidence that the sheriff knew that the conditions of the jail, which were overcrowded and unsupervised, were deficient). It is not enough to name someone as a defendant and claim that they "should have known" to do or not do something -- that's a negligence standard and does not rise to the deliberate indifference standard that drives Eighth Amendment jurisprudence.

Jackson has amended his complaint. Doc. 8-1. To properly analyze his claims the Court will first verbatim review his original allegations. He claims that he arrived at the jail with his medication, then gave

> nurse Barbra my civilian doctor ['s] name and number, and she got a copy of my medical folder. This lets them know my medical condition[4] and how bad I need my medication. 2) The jail also [has] [paperwork] where I went to an specialist recommended by them. His diagnosis also states that [it's] *important* for me to have my medication.[5] 3) From 10/9/12 to 11/7/12 I had no medication, which is how the defendants deprived me of my rights. [Jackson sues] the head nurse (Ms. Phillips) because it's her responsibility to order my medication. [He also sues the jail's] Administrator (Franks) because he is the one who signs and gives consent to order medication. With the jail's procedure of seeing the specialist again, giving the time it take[s to do so], I *could go blind*.[6] The jail only has a doctor come once a month with unknown date to inmates.

Doc. 1 at 5 (footnote added).

In raw, unedited form, here is the entirety of the substantive allegations in Jackson's amended complaint:

---

[4] He did not state *what* that condition is. Was it a detached retina? Generic diabetes coupled with high blood pressure that, left untreated, could *someday* cause blindness? Generalized assertions of medical conditions do not suffice.

[5] He did not say how important. Critical to his daily existence, or generally important for his long-term health?

[6] He did not allege imminence of any kind. It is common knowledge that many *could* go blind, for example, if they suffer from severe diabetes or some other malady. But it is also common knowledge that many conditions take *years* to cause that result. Jackson complains of less than one month's deprivation of an unspecified medication.

I have suffered migraine headaches due to improper health care. I have submitted medical request and my reply was theirs nothing they can do for me and their not wasting money for me to see a specialist.

The doctor I seen was on a computer screen hear at the jail, which for my physical condition is not adequate. *My medication is serious, so to delay does cause pain or sore eyes, bad headaches and high eye pressure which is serious damage to my future health.*

*Given the nature of my medical need for medication, the delay, and not being properly seen, inflicts the pain of bad headaches, sore eyes, and high eye pressure, which is deliberate indifference.*

*My sore eyes, bad headaches, and high eye pressure are all symptoms of going blind.* Due to the nature of my medical need for medication. So after I complained and asked for help due to these symptoms and not get any, is unconstitutional for not referring me to a specialist to get proper care.

One or all of the defendants are responsible for the delay of my seriously needed medication. With the statement that was made about wasting money for me to get the proper care, from the nurse and the doctor not giving me diagnosis on a computer screen is unconstitutional to my health care.

John Doe is alleged to have not filled my prescription, even though it's an allegation, this is the reason the nurse says my medication is delayed or not hear yet.

*If* or *when* you all decide to dismiss case, can you give me the statute of limitation for an appeal so I can get proper counseling to pursue my case. There's not a law library hear for me to be able to put my claim in a professional format, but for me to not get my medication for almost a month and it's a serious medication, being that I have a *retinal detachment* and the medication is definite and an ongoing medication to prevent blindness in the future, definatly has to be a

claim of indifference, neglect, and pain and suffering giving the symptoms when medication is delayed. Other symptoms are: spots and floater and I do have those threw out the day. I have to ask to be seen about these with the same result from nurse. If nothing is doene they will continue to hurt people. I shouldn't have to go blind to state a claim.

Doc 8-1 at 1 (emphasis original and added).

The gravamen of Jackson's case, then, boils down to this: First, he has an illness related to eye-fluid pressure, for which he requires medication. For almost a month the jail deprived him of this medication. Doc. 1 at 5. Apparently, the jail (the Court is construing plaintiff's complaint liberally) required a medical specialist's approval to continue that medication. But with no specialist availed to him, his medication ceased, then was resumed less than a month later. This was a serious medical need because he has a "retinal detachment and the medication is definite and an ongoing medication to prevent blindness in the future." He relates that "[m]y sore eyes, bad headaches, and high eye pressure are all symptoms of going blind. Due to the nature of my medical need for medication. So after I complained and asked for help due to these symptoms and not get any, is unconstitutional for not referring me to a specialist to get proper care." Doc. 8-1 at 1. And "the delay, and not

being properly seen, inflicts the pain of bad headaches, sore eyes, and high eye pressure, which is deliberate indifference." *Id.*

At the pleading stage, the Court's determination of whether Jackson has "state[d] a plausible claim for relief . . . [is a] context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of [a legal transgression], the complaint has alleged -- but it has not 'show[n]' --'that the pleader is entitled to relief.' " *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (cites omitted).

In that regard, it is not enough to allege that jail officials "were aware" of a medical condition and that they "acted improperly." Inmate plaintiffs must allege facts showing that their jailers were deliberately indifferent to a serious medical need of which they were subjectively aware. *Farmer v. Brennan*, 511 U.S. 825 (1994), (establishing a demanding standard for "deliberate indifference" that excludes *civil* recklessness (failure to act in the face of a risk of harm of which the defendant "should have known") and requires *criminal* recklessness (subjective awareness of an excessive risk to inmate health and safety)).

Thus, a complaint must be dismissed if it fails to present a factual predicate showing that the defendant had actual knowledge of, but disregarded, a serious risk of harm arising from a delay in treating plaintiff's medical condition. *See, e.g. Switzer v. Thomas*, 2013 WL 693090 * 5 (W.D. Va. Feb. 25, 2013) ("Switzer asserts only subjective, vague and largely implausible claims that his medical needs were not being attended-to in a manner he deemed to be appropriate. Even if it is assumed *arguendo* that he had a serious medical condition, Switzer's complaint presents no factual predicate to suggest that any defendant was subjectively reckless with regard to that condition.").

Construing Jackson's *pro se* allegations liberally, he (a) identifies a serious medical condition (e.g., a detached retina requiring uninterrupted medication) and (b) shows causation by pleading that jail officials (he is not clear whom) knew about and *deliberately disregarded* that condition by, for example, wooden-headedly standing on the jail's alleged "see-a-specialist-first" policy. What he lacks is imminence: How is the Court -- with no medical expertise -- to know that his detached-retina condition required uninterrupted medication lest severe if not irreparable (blindness) damage befall him by virtue of a month's hiatus

in receiving his drugs? Jackson, for that matter, still fails to identify the name of the medication in question -- a bit of data that would at least help in reaching a "seriousness" conclusion.

The point is significant because inmate plaintiffs typically cannot ply self-diagnoses blended with conclusory allegations. *See McCright v. Gomez*, 1998 WL 382833 at * 1 (9th Cir. May, 26, 1998) (self-diagnosis, rather than objective medical evidence, is not enough); *Turner v. Zulfacar*, 1996 WL 478729 at *1 (9th Cir. Aug. 22, 1996) (no § 1983 claim, only medical negligence alleged, on prisoner's complaint against prison doctor for failing to treat his persistent migraine headaches and allergies, even though he had a documented history of migraines and hives). Alleging things like "[m]y medication is serious" without even disclosing what that medication is simply does not make the grade.

Too, mere "malpractice" allegations do not suffice. *Gonzalez v. Sarreck*, 2011 WL 5051341 at * 18 (S.D.N.Y. Oct. 24, 2011) (allegations that eye surgery rendered [plaintiff] without sight in his right eye is, without more, a malpractice claim and does not implicate the Constitution. It is well settled that "disagreements over medications, diagnostic techniques, forms of treatment, or the need for specialists or

the timing of their intervention" are insufficient under § 1983. *Woods v. Goord*, No. 01 Civ. 3255(SAS), 2002 WL 31296325, at *6 (S.D.N.Y. Oct. 10, 2002). Unsuccessful medical treatment alone does not give rise to § 1983 liability.").

In the end, this is a close case, so the Court will err in plaintiff's favor. Hence, it greenlights his case but only against head nurse "Ms. Phillips," as he alleges that she failed to ensure that he received his medication despite her subjective awareness that the lack of that medication caused him to suffer migrane headaches, eye pain, and increased pressure that posed an unjustifiably high risk of future harm. Jackson, however, has not pled any facts showing "Dr. John Doe" engaged in acts or omissions that cross the line here (i.e., that Doe knew about but refused to enable plaintiff's medication). The same must be said for defendant Jail Administrator Douglas D. Franks, for it is not enough to allege that he had authority to "give consent" for his medication; rather, plaintiff must allege that Franks *knew* about the need for it and deliberately disregarded his duty to authorize it. Even at that, Jackson must again amend his complaint within 21 days by naming the medication that Phillips allegedly failed to provide, along with the

illness it was prescribed to treat. Because plaintiff is authorized to proceed IFP, service will be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3).

Accordingly, the Clerk is **DIRECTED** to forward a copy of plaintiff's complaint and amendment to the Marshal for service upon defendant Phillips (after she is served, she is directed to inform the Court of her full name). In most cases, the Marshal will first mail a copy of the complaint and its amendment to a defendant by first-class mail and request that each defendant waive formal service of the summons. Fed. R. Civ. P. 4(d); Local Rule 4.7. Defendant has a duty to avoid unnecessary costs of serving the summons, and if she fails to comply with the request for waiver, she must bear the costs of personal service unless good cause can be shown. Fed. R. Civ. P. 4(d). A within-district defendant who timely returns the waiver is not required to answer the complaint until thirty days after the date that the Marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

The remaining defendants (Douglas D. Franks and Dr. John Doe) therefore must be **DISMISSED**, the Court has amended the caption accordingly, and all subsequent filings shall conform.

**SO REPORTED and RECOMMENDED** this ___29th___ day of

August, 2013.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA